UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN COBRAE, | No. 2:23-cv-01015-DJC-AC |
| Plaintiff, | |
| v. | ORDER |
| JOHN COBRAE, | |
| Defendant. | |

This is an unlawful detainer action brought under California state law by Plaintiff Darren Cobrae against Defendant John Cobrae. It was originally filed in El Dorado County Superior Court. On Tuesday, May 30, 2023, Defendant filed a Notice of Removal with this Court, seeking to remove an action from Solano County Superior Court. (Notice of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal

courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

The District Court has jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a). However, 28 U.S.C. § 1441 states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, a defendant seeking to remove solely on the basis of diversity jurisdiction may not do so when the action was brought in the state in which any defendant is domiciled. *See also Singh v. Segovia*, No. 2:21-cv-02160-TLN-DB, 2021 WL 5966231, at *2 (E.D. Cal. Nov. 24, 2021).

////

1    Defendant removed this action solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF No. 1 at 1.)   However, Defendant states that he is domiciled in California (*id.*) and this action was originally brought in California state court (ECF No. 1-2 at 2).  As such, Defendant may not remove this action solely on the basis of diversity jurisdiction as the action was originally brought in the state where Defendant is domiciled.  This action therefore must be remanded to the El Dorado County Superior Court as the removal was improper.  *See Geographic Expeditions*, 599 F.3d at 1107.

   Accordingly, the Court hereby REMANDS this case to El Dorado County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **May 31, 2023**

*[signature]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – cobrae23cv01015.remand

3